IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FIRST TENNESSEE BANK
NATIONAL ASSOCIATION,

    Intervenor Plaintiff,

v.                                                                             Civil Action No. 3:09cv550

GLOBAL TITLE, LLC, d/b/a
GLOBAL TITLE SERVICES,

    Third-Party Plaintiff,

v.

ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

    Third-Party Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on Plaintiff Global Title, LLC's ("Global Title") and Defendant St. Paul Fire and Marine Insurance Company's ("St. Paul") Cross-Motions for Summary Judgment.[1] (Docket Nos. 45, 46.) The motions have been fully briefed. On November 9, 2010, the Court heard oral arguments. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that the Court DENY WITHOUT PREJUDICE both St. Paul's Motion for Summary Judgment and Global Title's Motion for Summary Judgment and ORDER NEW BRIEFING.

---

[1] Intervenor Plaintiff First Tennessee Bank National Association ("First Tennessee") joined in Global Title's Motion for Summary Judgment, Reply in Support of Its Motion for Summary Judgment, and Response in Opposition to St. Paul's Amended Motion for Summary Judgment. (Docket Nos. 48, 50, 58.)

At the November 9, 2010 hearing, Global Title relied on new arguments not raised in its briefs.[2] Global Title argued inferences drawn from information in a document, the Warehouse Loan Agreement, which is not currently part of the record in this case. Global Title's oral argument regarding the Warehouse Loan Agreement presented entirely new information for the Court, and St. Paul, to consider. Likewise, First Tennessee raised new arguments at the hearing not presented in briefing. First Tennessee presented new arguments based on the Supplemental Closing Instructions, which, although attached to First Tennessee's Intervening Complaint, were entirely unaddressed by Global Title or First Tennessee in briefing before the Court. All arguments regarding the import of the Supplemental Closing Instructions during oral hearing presented novel theories to the Court.

"Raising such new arguments for the first time at oral argument undermines the purpose of orderly briefing and risks subjecting an opponent to an unfair disadvantage." *N.C. Alliance for Transp. Reform, Inc. v. U.S. Dep't of Transp.*, 713 F. Supp. 2d 491, 510 (M.D.N.C. 2010). While the Court is disquieted by Global Title's and First Tennessee's presentations, the Court must nevertheless, in the interests of justice, order new briefing so that a decision may be rendered based on a complete record.[3]

Accordingly, the undersigned RECOMMENDS A DENIAL WITHOUT PREJUDICE of Global Title's Motion for Summary Judgment and St. Paul's Motion for Summary Judgment.

---

[2] When questioned by the Court, Global Title initially asserted that it raised the argument in briefing and cited one sentence from which it was "extrapolating." Further discussion made clear that the argument was novel, and not based on briefing, or documentation, before the Court.

[3] Considering the amount of time this case has been pending, this course of action may understandably frustrate St. Paul. However, St. Paul is entitled to seek appropriate relief from the Court, for instance, in the form of sanctions.

(Docket Nos. 45, 46.) The parties are ORDERED to jointly contact the chambers of the Honorable M. Hannah Lauck by Friday, November 19, 2010 to discuss a new briefing schedule for consideration on Report and Recommendation so that this matter will proceed on a full and orderly record.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b).

Let the Clerk send copies of this Report and Recommendation to counsel of record and the Honorable Richard L. Williams.

And it is so ORDERED.

                                                       /s/
                                                M. Hannah Lauck
                                      United States Magistrate Judge

Richmond, Virginia
Date: <u>November 16, 2010</u>