IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GLOBAL TITLE, LLC, d/b/a<br>GLOBAL TITLE SERVICES,<br><br>  Third-Party Plaintiff/Counter-Defendant/<br>  Intervening Defendant,<br><br>v.<br><br>ST. PAUL FIRE & MARINE<br>INSURANCE COMPANY,<br><br>  Third-Party Defendant/Counter-Plaintiff/<br>  Cross-Plaintiff,<br><br>and<br><br>FIRST TENNESSEE BANK<br>NATIONAL ASSOCIATION,<br><br>  Intervening Plaintiff/Cross-Defendant. | Civil Action No. 3:09CV550–HEH |

## MEMORANDUM OPINION

This action for declaratory judgment is presently before the Court on St. Paul Fire & Marine Insurance Company ("St. Paul")'s Motion for Summary Judgment on Contract and Bad Faith Claims, as well as a Motion for Entry of Partial Final Judgment by First Tennessee Bank National Association ("First Tennessee") and Global Title, LLC ("Global").[1] For the reasons stated below, St. Paul's Motion for Summary Judgment will

---

[1] Global filed a Motion to Adopt and Conform First Tennessee's Motion for Entry of Partial Final Judgment. That Motion will be granted. For the sake of clarity, however, the Court here refers to the Motion for Entry of Partial Final Judgment as First Tennessee's motion.

be granted, and this Court's orders granting summary judgment for St. Paul will be certified as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## I.

On April 8, 2009, First Tennessee filed a multi-million dollar lawsuit ("the Underlying Litigation") against Global, a full-service title insurance and closing company, to recover funds that Global allegedly wrongfully transferred to a mortgage-loan lender. Because Global maintained through St. Paul a Professional Liability Policy ("the Policy") at the time of the transfer, Global requested that St. Paul defend and indemnify Global in the Underlying Litigation. St. Paul denied coverage.

Based on St. Paul's denial of coverage, Global sought leave to file a third-party complaint against St. Paul in the Underlying Litigation. The Honorable Robert E. Payne granted Global leave to file a third-party complaint against St. Paul, but ordered that the complaint be severed and filed separately. This action resulted.

In its Second Amended Third Party Complaint, Global alleged that St. Paul's denial of coverage constituted a breach of contract and bad faith refusal to defend. Global also sought a declaratory judgment that St. Paul owed a duty to defend and indemnify Global in connection with the Underlying Litigation. First Tennessee, whose claims against Global in the Underlying Litigation had been dismissed without prejudice pursuant to a Joint Stipulation of Dismissal, filed a one-count Amended Intervening Complaint ("Intervening Complaint"), alleging that Global breached its duty to protect First Tennessee's funds. St. Paul filed a counterclaim and crossclaim against Global and First Tennessee, respectively, and sought a declaratory judgment that it had no duty to

2

defend or indemnify Global in connection with the Underlying Litigation or First Tennessee's Intervening Complaint. The parties filed cross-motions for summary judgment concerning St. Paul's duty to defend and indemnify.

By Memorandum Opinion and Order dated April 26, 2011, this Court held that St. Paul did not owe a duty to defend or indemnify Global in connection with the Underlying Litigation or Intervening Complaint, and accordingly granted St. Paul's Motion for Summary Judgment. Because the parties' motions had not addressed Global's claims against St. Paul for breach of contract and bad faith, however, those claims remained pending.

On May 26, 2011, First Tennessee filed the instant Motion for Entry of Partial Final Judgment pursuant to Federal Rule of Civil Procedure 54(b) "as to all claims brought in this case by and against" St. Paul. (First Tenn.'s Mot. Entry Partial Final Judgment 1.) First Tennessee asserted that the claims involving St. Paul were easily separable from First Tennessee's claims against Global, and the interests of judicial economy would best be served by entering final judgment with respect to the claims by and against St. Paul.

In response, St. Paul noted that Global's claims against St. Paul for breach of contract and bad faith remained pending before this Court. St. Paul asserted that these claims could be expeditiously resolved, because they "are intertwined with the merits of the claims for declaratory judgment" decided by this Court on April 26, 2011. (St. Paul's Resp. Mem. Opp'n 2.) Accordingly, St. Paul requested that this Court deny or defer First Tennessee's Motion for Entry of Partial Final Judgment pending judgment on Global's

remaining claims against St. Paul. Contemporaneous with its opposition to First Tennessee's Motion, St. Paul filed a Motion for Summary Judgment on the remaining breach of contract and bad faith claims.

First Tennessee and Global have responded that, in light of this Court's ruling that St. Paul owes no duty to defend, they have no good faith opposition to entry of summary judgment in St. Paul's favor on Global's breach of contract and bad faith claims.

## II.

Summary judgment is proper where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

In this case, the parties do not dispute that Global's claims against St. Paul for breach of contract and bad faith fail as a matter of law absent a duty to defend. This Court agrees. *Cf. Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 335, 302 S.E.2d 529, 533 (Va. 1983) (explaining that insurer's duty to exercise good faith in dealing with an offer of compromise was dependent on the condition precedent of owing a duty to defend). St. Paul's Motion for Summary Judgment will therefore be granted.

Having resolved all claims by and against St. Paul, the Court now turns to whether partial final judgment on those claims should be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## III.

Under Rule 54(b), a district court "may direct entry of a final judgment" on "fewer than all [of the] claims or parties" in a multi-claim action "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In effect, entry of partial final judgment under Rule 54(b) permits appeal on "fewer than all claims in a multiclaim action." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

"Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel." *Id.* (internal citation omitted). Rather, the Court must find that the judgment is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and that there is no just reason for the delay in the entry of judgment. *Id.* at 1335 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 1464 (1980)). When determining whether there is reason for delay in the entry of judgment, courts commonly consider factors such as:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335–36 (citation omitted).

In this case, entry of final judgment is appropriate as to all claims by and against St. Paul. First, summary judgment has been granted in St. Paul's favor on all claims in its Third Amended Counterclaim and Crossclaim for Declaratory Judgment, and on all claims in Global's Second Amended Third Party Complaint.[2] Specifically, this Court has found that St. Paul owed no duty to defend Global in connection with the Underlying Litigation or Intervening Complaint, and Global's claims for breach of contract and bad faith therefore fail as a matter of law.

Second, there is no reason for delay in the entry of final judgment on these claims. The issue of whether St. Paul owes a duty to defend is easily separable from First Tennessee's negligence claim against Global, and resolution of the negligence claim will not affect this Court's ruling on St. Paul's duty to defend. In addition, judicial economy will be served by certifying those decisions as final and thereby allowing immediate appeal: An order affirming this Court's decision would end the coverage case, whereas an adverse ruling would permit this Court to adjudicate the liability and indemnity issues in a single trial on remand and avoid having to retry the indemnity issue at a later date. Finally, equitable considerations weigh in favor of Rule 54(b) certification. "Should this court be in error as to any or all of the insurance coverage issues, the insureds would have to incur expenses of defending the action without having . . . the complete benefit of the litigation insurance encompassed within an insurer's duty to defend." *New York v. Amro Realty Corp.*, 745 F. Supp. 832, 840 (N.D.N.Y. 1990).

---

[2] Summary judgment on Global's breach of contract and bad faith claims will be entered upon execution of the Order accompanying this Memorandum Opinion. *See supra* Part II.

For these reasons, this Court finds that Rule 54(b) certification is appropriate on all claims brought by and against St. Paul in this action. *Cf. Peace Coll. of Raleigh, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 5:09cv479-FL, 2010 U.S. Dist. LEXIS 97282, at *34–37 (E.D.N.C. Sept. 15, 2010) (entering final judgment on duty to defend claim); *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 323 F. Supp. 2d 709, 723 (E.D. Va. 2004) (certifying as final under Rule 54(b) decision on insurer's duty to defend), *rev'd on other grounds*, 407 F.3d 631 (4th Cir. 2005).

## IV.

For the reasons stated above, St. Paul's Motion for Summary Judgment will be granted, and this Court's rulings on all claims by and against St. Paul will be certified as final under Rule 54. Further proceedings in this Court will be stayed pending appeal. Counsel for Global will be directed to file their notice of appeal forthwith.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 20, 2011
Richmond, VA

7